LUZ PALMIRA TORO VELÁZQUEZ, recurrente, *v.* EL REGISTRA- DOR DE LA PROPIEDAD DE PONCE, recurrido.

*Número:* G-62-14      *Resuelto:* 29 de marzo de 1963

*Práxedes Álvarez Leandri,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

¿Se requiere actualmente la presencia de dos testigos en el otorgamiento de una escritura pública mediante la cual se emancipa a un menor de edad por concesión del padre o de la madre que ejerce la patria potestad? ¿Qué efecto han tenido las disposiciones de la Ley Notarial de 1956, (¹) Ley Núm. 99 de 27 de junio de 1956, 4 L.P.R.A. (Supl. 1961) sec. 1001 *et seq.*, en lo provisto en el Art. 233 del Código Civil, ed. 1930, 31 L.P.R.A. sec. 911, sobre la necesidad de que la emancipación se lleve a efecto "por la declaración del padre o de la madre, hecha ante notario público *en presencia de dos testigos* y con el consentimiento del menor?"

Mediante nota de fecha 29 de marzo de 1962 el Registrador de la Propiedad de Ponce denegó la inscripción de la escritura Núm. 103 de 12 de noviembre de 1960 ante el notario don Práxedes Álvarez Leandri mediante la cual los cónyuges don Blas Ojeda Rosado y doña Ángela Lugo Ortiz vendieron un inmueble a la recurrente doña Luz Palmira Toro Velázquez, una menor emancipada por su madre doña Elisa Velázquez, por observar que de la escritura de emancipación que se acompañó como documento complementario—Núm. 69 de 15 de junio de 1960 ante el mismo notario—se desprende que no se ha cumplido con todos los requisitos que señala el Art. 233 del Código Civil, *supra*, para que se produzca el acto emancipante ya que en la declaración de voluntad de la madre no concurrieron los dos testigos que exige el precepto citado.

La Sec. 13 de la vigente Ley Notarial, 4 L.P.R.A. (Supl. 1961) sec. 1013, dispone expresamente que "[t]*oda escritura*, salvo lo que dispone la sección 27 de esta Ley en casos especiales, podrá ser autorizada por el notario, sin la

---

(¹) Conforme a la Sec. 42 de esta ley comenzó a regir el día 1 de enero de 1957.

presencia de testigos." Los casos especiales a que se refiere la Sec. 27, 4 L.P.R.A. (Supl. 1961), sec. 1928,(²) son los siguientes: 1) cuando lo solicite el notario autorizante; 2) cuando lo solicite cualquiera de las partes; 3) cuando en la escritura intervenga un ciego; 4) cuando alguno de los otorgantes no sepa o no pueda firmar; y, 5) cuando se requiera un testigo o testigos de conocimiento según se provee en la Sec. 16. Además, la Sec. 22 de la misma ley, 4 L.P.R.A. (Supl. 1961), sec. 1022, excluye los testamentos y demás disposiciones *mortis causa* de lo en ella provisto sobre la forma de los instrumentos públicos y las cualidades de los testigos, y dispone que en cuanto a estos particulares regirán la ley o leyes especiales del caso.

La Sec. 27 del P. del S. 551, que se convirtió luego en la Ley Notarial, dispensaba originalmente de la presencia de testigos excepto en los mismos casos a que se refiere la legislación actual, y también incluía en la exclusión las escrituras de donación y de constitución de poder. *Diario de Sesiones*, 1955, pág. 1851. Pero la Comisión de lo Jurídico Civil en el informe rendido al Senado eliminó estas últimas, y después de hacer referencia a la eliminación de los testigos como uno de los cambios fundamentales introducidos por la nueva le-

---

(²) En España el Art. 180 del Reglamento del Notariado de 2 de junio de 1944 (Medina y Marañón, *Leyes Civiles de España*, tomo II, pág. 1174), que puede haber servido de precedente a las Secs. 13, 22 y 27 de nuestra Ley Notarial lee como sigue:

"En la autorización de las escrituras públicas no será necesaria la intervención de testigos instrumentales, salvo que la reclamen el Notario autorizante o cualquiera de las partes, o cuando alguno de los otorgantes no sepa o no pueda leer ni escribir. Esta disposición se aplicará a los protestos, sin perjuicio de las normas que sobre esta materia se dicten en lo sucesivo. Se exceptúan de esta disposición los testamentos, que se regirán por lo establecido en la legislación civil.

"Son testigos instrumentales los que presencien el acto de la lectura, consentimiento, firma y autorización de una escritura pública.

"Los testigos instrumentales pueden ser a la vez, incluso en los testamentos, testigos de conocimiento.

"No será necesario en los testamentos que los testigos tengan vecindad a domicilio en el lugar del otorgamiento cuando aseguren que conocen al testador, y el Notario conozca a éste y a aquéllos."

gislación, hizo constar que "Queremos informar que ya en otros países, entre ellos España, Argentina y Méjico, se ha eliminado la presencia de los testigos en las escrituras, y la verdad es que este requisito resulta arcaico, innecesario y contrario a la fe notarial" Id., pág. 1856. El historial legislativo revela el propósito de uniformar la práctica dispensando de la presencia de testigos, y el único acto específico al cual se refiere para exceptuarlo de dicha práctica es el de los testamentos. Fácil es explicarse que en cuanto al otorgamiento de éstos se desee no sólo la garantía de la fe notarial, sino rodearlo de otros requisitos que afirmen su autenticidad, por tratarse de expresiones de última voluntad.

El Art. 233 del Código Civil, *supra*, fue tomado en la parte que requiere la presencia de testigos, no del Código Civil español, sino del Art. 366 del Código de Luisiana. En España, el Art. 316 requiere que la emancipación por concesión del padre o de la madre se otorgue mediante *escritura pública* o por comparecencia ante el juez municipal. [3] El precepto local no alude a escritura pública específicamente; requiere que el acto se realice mediante "declaración del padre o de la madre hecha ante notario público." No es necesario, por tanto, que se haga en escritura pública, y concebiblemente podría efectuarse mediante declaración jurada o *affidavit*, conforme a la Ley de 12 de marzo de 1903, 4 L.P.R.A. sec. 881 y ss. [4] Es posible que por ello el legislador requiriera

---

[3] Medina y Marañón, *op. cit.*, tomo I, pág. 152.

[4] Al comentar sobre el particular, el Profesor Muñoz Morales en su obra *Reseña Histórica y Anotaciones al Código Civil de Puerto Rico*, parte I, págs. 667–668, se expresa así:

"Según indicamos ya al iniciar las notas de este capítulo, nuestros legisladores de 1902 en vez de atenerse, como era propio, al texto del Art. 316 del Cód. Español, que requiere el otorgamiento de escritura pública, acudieron, como en otras muchísimas ocasiones, a la novelaria de copiar, y copiaron literalmente el Art. 366 del Cód. de Louisiana; para decir ahora en nuestro Art. 233 que la emancipación tendrá lugar '*por la declaración del padre o de la madre* hecha ante notario público.' Aquellos legisladores sabían perfectamente la diferencia que existe entre una escritura pública y una declaración ante Notario, y esto por ser tan elemental no merece insistir en ello; pero como sobre este punto se llamó la atención

la presencia de testigos. Como apuntamos, en Luisiana se dispone que "This emancipation takes place by the declaration to that effect of the father or mother, before a notary public in presence of two witnesses." West's *Louisiana Statutes Annotated, (1952), Civil Code,* vol. 2, pág. 537.

Consideradas las disposiciones de la vigente Ley Notarial y el criterio legislativo de uniformidad que la subraya, concluimos que el requisito de la presencia de testigo cuando la emancipación por concesión del padre o de la madre se hace mediante el otorgamiento de escritura pública es superfluo. Nada le añade a la fe notarial como garantía en el tráfico jurídico. Indudablemente el fin legislativo fue consagrar la supremacía de la fe notarial y que el único caso en que se desea una formalidad mayor es el relativo al otorgamiento de los testamentos. Claro está, nada de lo expuesto significa que si la emancipación se verifica mediante documento privado otorgado ante notario pueda dispensarse de la presencia de los dos testigos que requiere el Art. 233 antes citado. Ello es explicable si consideramos que la intervención del notario en este acto se limita a dar fe de la autenticidad de las firmas.

*Se revocará la nota recurrida y se ordenará la inscripción de la escritura Núm. 103 de 12 de noviembre de 1960 otorgada ante el notario Práxedes Álvarez Leandri.*

en el proyecto de la Comisión Codificadora de 1929 (Art. 260), y como sobre el mismo pasó desapercibida la enmienda de la Ley No. 40 de 1930; cabría preguntar ahora, si puede hacerse en Puerto Rico la emancipación mediante un *affidavit,* o sea una declaración en documento privado autenticada ante Notario, según la Ley de 12 de marzo de 1908 . . . . Decididamente opinamos que debe hacerse mediante *escritura pública,* tal como nuestras leyes la definen (Arts. 9 a 20 Ley Notarial)."